UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                :      **ORDER**

IN RE WORLD TRADE CENTER       :      21 MC 100 (AKH)
DISASTER SITE LITIGATION        :

-------------------------------------------------------x
-------------------------------------------------------x
                                                :

SANDRA MILLING and ELLIOTT     :      05 Civ. 7189 (AKH)
MILLING
             Plaintiffs,

          -against-

THE CITY OF NEW YORK,
CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC., TULLY
CONSTRUCTION CO., INC., GRACE
INDUSTRIES, INC., LIRO
CONSTRUCTING ENGINEER, AND
NICO ASPHALT, INC.
             Defendants.

-------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff moves, both separately and by joining the motions to remand filed in 21 MC 100 and argued before me on April 6, 2006, to remand the above captioned action to New York State Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c). Plaintiff alleges personal injuries sustained as a result of a trip and fall accident occurring on May 14, 2002 at Battery Place. Defendant opposes the motion to remand, arguing that the jurisdictional grant of the Air Transportation Safety and System Stabilization Act ("ATSSSA"), Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. §§ 40101 note), mandates federal jurisdiction over any and all cases "resulting from or relating to" the events of September 11, 2001. Defendant having failed to show

any connection, other than geography, between Plaintiff's alleged injury and the events of September 11, I hold that the action is "'too tenuous, remote, or peripheral' ... to warrant a finding that [the action] 'relate[s] to'" the terrorist attacks of September 11 and thus grant Plaintiff's motion to remand. McNally v. The Port Authority (In re WTC Disaster Site), 414 F.3d 352, 380 (2d Cir. 2005).

Plaintiff's motion to remand being granted, the clerk of the court is directed to mark the case as closed.

SO ORDERED.

Dated: New York, New York
June 14, 2006

ALVIN K. HELLERSTEIN
United States District Judge